UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CONSTANTINEE L. JACKSON,

        Petitioner,

v.

EARL BELL,

        Respondent.

9:18-CV-1224
(BKS/DEP)

---

APPEARANCES:

CONSTANTINEE L. JACKSON
Petitioner, pro se
04-B-3073
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. LETITIA JAMES
Attorney for Respondent
New York State Attorney General
The Capitol
Albany, New York 12224

BRENDA K. SANNES
United States District Judge

OF COUNSEL:

JAMES FOSTER GIBBONS, ESQ.
Ass't Attorney General

## DECISION and ORDER

I.    **INTRODUCTION**

On November 27, 2017, petitioner Constantinee Jackson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as a motion to appoint counsel. Dkt. No. 1, Petition ("Pet.")[1]; Dkt. No. 2. According to petitioner, while he failed to identify the

---

[1] The original docket from the Western District of New York ("Western District"), where the first several filings can also be found under the same docket numbers, is *Jackson v. Kirkpatrick*, No. 1:17-CV-1231 (W.D.N.Y).

conviction which he challenged, he contends that both his sentencing and resentencing were unconstitutional because the trial court lacked jurisdiction. Pet. at 3. Specifically, petitioner asserts that the presiding trial court judge did not have a "license[ to be] a criminal court judge." *Id.* For a complete statement of petitioner's claims, reference is made to the petition.

On October 24, 2018, a Decision and Order issued in which respondent Earl Bell was directed to answer and petitioner's motion to appoint counsel was denied without prejudice. Dkt. No. 10. Petitioner filed a response to the Order, apparently clarifying his position by stating that his "Alford plea was not agreed upon in writing nor any form of the record did [he] sign anything cause sentence was support to be runned concurrent to any other" and that his "motion to withdraw [his] plea should have been granted." Dkt. No. 11 at 3, 4. Additionally, petitioner attached exhibits to his response, including a motion to withdraw his 2004 guilty plea, entered in Onondaga County, for second degree murder. Dkt. No. 11 at 12-14.

On December 21, 2018, respondent filed a letter motion seeking transfer of the instant petition to the Second Circuit pursuant to 28 U.S.C. § 1631 so that the appellate court could determine whether petitioner should be permitted to file a successive petition. Dkt. No. 17. On January 11, 2019, petitioner filed a response, in which he agreed that he had "possibl[y] filed at least three [habeas] petitions for relief in federal court"; argued that the trial court judge "did not have nothing over [him] in a criminal court as his legal license [wa]s paid in Albany"; and ultimately requested relief "from . . . the indictment, the illegal arrest, the bully plea, the illegal sentence, the illegal correct of the sentence, the ineffective assistance counselor's (2), etc." Dkt. No. 18 at 2-3.

2

These submissions now cast doubt on this Court's jurisdiction over Jackson's petition. Accordingly, for the reasons outlined below, the petition must be transferred to the Second Circuit.

## II. PREVIOUS HABEAS PETITIONS

Petitioner has filed several habeas petitions in the Northern District. The first, an amended petition in *Jackson v. Conway*, No. 9:09-CV-0728 (DNH) ("*Jackson I*"), challenged a conviction for second degree murder, pursuant to a guilty plea, from Onondaga County. *Jackson I*, Dkt. No. 4, Amended Petition, at 1. Petitioner argued he was entitled to relief because (1) his counsel was ineffective; (2) there was judicial misconduct; (3) his former trial counsel failed to provide his successor counsel with all his case files; (4) the evidence to support his conviction was legally insufficient; (5) there was no probable cause to support a warrant or his arrest; (6) he was wrongfully denied Due Process when he was precluded from withdrawing his plea; and (8) the trial court erred, during resentencing, in making the sentence run consecutively with his undischarged term from a previously imposed sentence. *Jackson I*, Dkt. No. 4, Amended Petition, at 6-7.

The petition was denied and dismissed. *Jackson I*, Dkt. No. 32, Decision and Order. As is relevant here, the Decision and Order held (1) the trial court's failure to permit withdrawal of petitioner's plea was not actionable because the trial court never abused its discretion (*id.* at 20) and (2) clarification of petitioner's sentence was appropriate; moreover, there was no federal cause of action available to challenge the consecutive nature of his sentences (*Id.* at 21-24). On August 10, 2011, the Second Circuit dismissed petitioner's motion for a certificate of appealability as untimely. *Jackson I*, Dkt. No. 36, Mandate.

3

The next petition was filed in *Jackson v. State of New York*, No. 9:18-CV-0015 (DNH) ("*Jackson II*"). It challenged both petitioner's 2004 judgment of conviction in Onondaga County following petitioner's guilty plea to second degree murder and his 2006 judgment clarifying that the earlier sentence imposed on petitioner would run consecutive to a prior, undischarged sentence. *Jackson II*, Dkt. No. 1, Petition, at 1. This Court found that petitioner's

> petition [wa]s successive because he [wa]s challenging the same judgment of conviction (and resentencing) that he challenged in his 2009 amended habeas petition, which was denied and dismissed on the merits in 2010. *Jackson*, No. 9:09-CV-0278. Moreover, there [wa]s no basis for concluding that [petitioner] could not have raised in his earlier amended petition the grounds for relief asserted in his present petition.

*Jackson II*, Dkt. No. 7, Decision and Order, at 5. The Court transferred the petition to the Second Circuit for review and a determination as to whether petitioner should be allowed to file a successive petition. *Id.* Petitioner failed to properly file an application with the Court of Appeals and, on June 19, 2018, the petition was denied by the Second Circuit. *Jackson II*, Dkt. No. 9, Mandate.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*,

4

416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003). Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Here, petitioner's current petition is successive because he is again challenging the same judgment of conviction (and resentencing) that he challenged before in his two prior habeas petitions filed in this Court. These claims have been dismissed on the merits.[2] Moreover, there is no basis for concluding that petitioner could not have raised in his earlier

---

[2] Further, petitioner has already had one habeas petition, challenging the same Onondaga County conviction as the instant one, deemed successive and transferred to the Second Circuit. *Jackson II*, Dkt. No. 7, Decision and Order

5

petition the grounds for relief asserted in his present petition. In fact, he did raise these same identical arguments, among others, in his first habeas petition which was ultimately denied and dismissed on the merits. Petitioner's claims in his current petition relate to his underlying plea and sentence in Onondaga County, rendering this a second successive petition. Petitioner's efforts to disguise the claims by renaming them is inadequate to save his present petition.

Because district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals. *Torres*, 316 F.3d at 151-52. Accordingly, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that Respondents' letter motion (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the October 24, 2018, Decision and Order, directing Earl Bell to respond (Dkt. No. 10) be **VACATED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: January 23, 2019

Brenda K. Sannes
U.S. District Judge